## SHATTO ET AL. *v.* SHELDEN, EX'R.

From the Kosciusko Circuit Court.

*H. S. Biggs* and *E. V. Long*, for appellants.

*J. S. Frazer* and *R. B. Encell*, for appellee.

BUSKIRK, C. J.—The appellee, as executor of the estate of Elisha Sheldon, deceased, submitted his final report, in which he claimed a credit for three thousand two hundred and fifty-eight dollars, for boarding and taking care of his mother, under the provisions of the will of said decedent. The appellants were, upon their application, made defendants, and moved to reject and strike out the report and accompanying exhibits, but the motion was overruled. They then filed exceptions to the confirmation of the report, which were stricken out on motion of the appellee. The cause being called for trial, the appellants demanded a trial by jury, which was overruled by the court. The cause was then tried by the court, who rendered a finding, in favor of appellee, for the sum of one thousand seven hundred and forty-two dollars and five cents. The court overruled a motion for a new trial.

The appellants have assigned for error the overruling of the motion for a new trial. The appellee has filed in this court a confession of error, that the court erred in refusing the appellants a trial by jury. The judgment must, therefore, be reversed for such error.

We have looked into the record and find that there is no other question discussed by counsel for appellants that we can decide. The evidence is not in the record, and, hence, we can

not determine as to the sufficiency of the evidence to support the finding. The principal and most important question in the case is whether the appellee is still the executor of such estate. It appears that on the 27th day of January, 1865, he submitted his final report, and was discharged, and that afterward, on the 18th day of September, 1871, the appellee filed his application, supported by affidavit, to have said settlement set aside, which motion was sustained, and the court entered of record an order setting aside said settlement and restoring the said appellee as executor; but the application and affidavit are not in the record, and, consequently, we are unable to determine for what cause such order was made, and we decide nothing in reference thereto.

The judgment is reversed, with costs, upon such confession of error; and the cause is remanded for a new trial.